# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **HENRY CLAY BOYNES,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5-10-0939 |
| ) | |
| **DAVID BERKEBILE, Warden,** ) | |
| **FCI Beckley,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Document No. 1.) is pending. Having examined Petitioner's Application and Memorandum in Support and the decisions of the Court's which have considered Petitioner's appeal and Section 2255 Motion and considered applicable law, the undersigned concludes that the remedy under Section 2255 is not inadequate or ineffective with respect to Petitioner's claim, this Court is without jurisdiction to consider Petitioner's claim under Section 2241 and Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus should be denied.

## BACKGROUND AND PETITIONER'S CLAIM

On July 21, 2010, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and a Memorandum in Support. (Document Nos. 1 and 2.) On January 15, 2002, Petitioner was charged by Indictment in the United States District Court for the Western District of Pennsylvania with possession with the intent to deliver less than 100 grams of heroin and unlawful possession of a firearm during and in relation to a drug trafficking offense. On May 28, 2002, Petitioner waived his right to trial by jury, and the District Court found

him guilty of the distribution charge. The Office of Probation issued a Presentence Investigation Report finding that Petitioner qualified as a career offender on the basis of escape and resisting arrest convictions in 2000. Presentence Investigation Report at ¶ 19. The Presentence Investigation Report (¶ 29) stated as follows respecting the escape charge and a theft charge:

> On July 15, 1999, the defendant was arrested by the Duquesne Police Department, Duquesne, Pennsylvania, and charged with Theft By Unlawful Taking (two counts) and Escape, for an offense that occurred on May 31, 1999. According to the affidavit of probable cause, police received a call regarding the theft of a stereo at the victim's house and that the defendant was still at the scene. The defendant had been staying at the victim's house. The victim awoke during the night and saw the defendant walking from the living room toward the kitchen area carrying a speaker that belonged to the victim's stereo system. The victim then noticed his stereo was missing. The defendant was questioned about the missing stereo and denied having anything to do with its disappearance. The defendant was handcuffed and informed he was being arrested for the theft of the stereo. He gave officers a false name and date of birth. He was told to sit on the couch while officers checked around the area for his shirt and outside the house for the missing stereo. While the officers were doing this, the defendant left the house, with his hands still cuffed. The officers searched for the defendant but were unable to locate him. A preliminary hearing was held before District Justice Richard Olasz Jr. On July 29, 1999, at which time the charges were waived to court. On April 19, 2000, the defendant, represented by counsel, appeared before Judge Durkin and entered a guilty plea to [the escape and theft charges]. Upon motion of the assistant district attorney, the charge of Theft By Unlawful Taking (Count 1) was withdrawn.

Petitioner objected claiming that his escape conviction was not a crime of violence and therefore could not be counted in consideration of his career offender status. In response to Petitioner's objection, the Office of Probation wrote as follows:

> As to paragraph 29, the conviction for Escape is countable towards a career offender enhancement because it falls within the definition of a crime of violence. The Fourth, Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits have all deemed Escape to be a crime of violence. Most recently, in United States v. Nation, 243 F.3d 467 (8th Cir. 2001, the Eighth Circuit held that every escape, even a so-called 'walkaway' escape, involves a potential risk of injury to others, and that escape categorically is a crime of violence as defined in U.S.S.G. § 4B1.2. While the Court acknowledged that the term 'conduct' in U.S.S.G. § 4B1.2(a)(2) could suggest an examination of the underlying facts of a particular offense, the Court determined that the guidelines'

>first application note, which directs the Court to look at the 'nature' of an offense, was controlling and reasoned that 'even the most peaceful escape cannot eliminate the potential for violent conflict when the authorities attempt to recapture the escapee.'

The District Court sentenced Petitioner on October 24, 2002, to 151 months in prison finding him to be a career offender under United States Sentencing Guideline [U.S.S.G.] § 4B1.1 and denying Petitioner's request for a downward departure under U.S.S.G. § 4A1.3 on grounds that his sentence as a career offender over-represented the seriousness of his criminal history. See United States v. Boynes, 2006 WL 3056312 at *1 (W.D.Pa.), the District Court's Memorandum and Order denying Petitioner's Section 2255 Motion. Petitioner appealed his sentence to the Third Circuit Court of Appeals claiming that the District Court erred in denying his request for a downward departure under U.S.S.G. § 4A1.3 by confusing the two distinct bases for downward departure under that Guideline provision and by failing to consider mitigating facts respecting his prior offenses. United States v. Boynes, 65 Fed.Appx. 869, 2003 WL 21267472 (C.A.3 (Pa.)), cert. denied, 540 U.S. 1202, 124 S.Ct. 1466, 158 L.Ed.2d 120 (2004). The Third Circuit affirmed stating as follows respecting the Petitioner's qualification as a career offender having two prior convictions of crimes of violence:

>One of these crimes of violence was a conviction for escape where he ran away after having been handcuffed. We have held that any escape by its nature presents a serious potential risk of physical injury to another and therefore is a crime of violence for the purpose of U.S.S.G.§ 4B1.1(a)(3). United States v. Luster, 305 F.3d 199, 201 - 202 (3d Cir. 2002), cert. denied, 538 U.S. 970, 123 S.Ct. 1773, 155 L.Ed.2d 528 (2003) (relying on Application Note 1 to U.S.S.G. § 4B1.2 to bring an escape under the umbrella of 'crimes of violence'). We note that even a 'walk away' escape is a continuing crime with a potential for violence as the 'escapee must continue to evade police and avoid capture.' Id. at 202. The other crime of violence was a conviction in state court for resisting arrest following a scuffle, his having been apprehended for a traffic offense.

Petitioner file a Motion pursuant to 28 U.S.C. § 2255 claiming that the District Court did not take into account the 18 U.S.C. § 3553(a) factors in sentencing him. The District Court found Petitioner's

3

claim procedurally barred because Petitioner did not raise it at sentencing or on appeal. United States v. Boynes, 2006 WL 3056312 (W.D.Pa.).

Petitioner asserts that due to developments in the law in 2009, his escape conviction can no longer be regarded a crime of violence and a basis for career offender status and therefore he is actually innocent of being a career offender. Petitioner states that in United States v. Hopkins, 577 F.3d 507 (3rd Cir. 2009), the Third Circuit Court of Appeals applied the reasoning of the United States Supreme Court in Chambers v. United States, 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009), and determined that an escape conviction was not a crime of violence and could therefore not be a predicate for career offender status. Petitioner urges "that the 4B1.1 enhancement in this case rests on virtually the same conduct that was found not to be a crime of violence in Hopkins." (Document No. 2, p. 2.) Specifically, Petitioner urges that the Hopkins Court determined that Mr. Hopkins misdemeanor escape conviction for violating 18 Pa. Cons.Stat. Ann. § 5121 was not a conviction for a crime of violence and did not constitute a valid predicate offense for determining career offender status and this Court should reach the same conclusion with respect to his 2000 escape conviction under that same statute. Petitioner attached to his Memorandum (Document No. 2.) a copy of (1) a document indicating that he was charged in the Court of Common Pleas in Allegheny County, Pennsylvania, with misdemeanor theft and misdemeanor escape on May 31, 1999, "in violation of Section 5121(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. § 5121(a)." and (2) an Affidavit of Probable Cause indicating his conduct on May 31, 1999."

Petitioner contends that he is entitled to proceed under Section 2241 because the remedy under Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §

2255(e). Petitioner states that "[i]n a case like this where a movant has an actual innocence claim based on a nonconstitutional intervening change in law, and the AEDPA precludes a second § 2255 motion, § 2255 is effectively inadequate and therefore relief must be sought through habeas corpus. Both the Third Circuit in In re Dorsainvil, 119 F.3d 245 (1997), and the Fourth Circuit in In re Jones, 226 F.3d 328 (2000), affirm this principle." (Document No. 2, p. 3.)

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden). 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The

focus of Section 2241 is upon a prisoner's custodial status, not upon the validity of his conviction or sentence as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255.

Before considering Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus on its merits, the Court must first determine whether the remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. The Fourth Circuit Court of Appeals held in In re Jones, 226 F.3d 328, 333 - 334 (4th Cir. 2000) that the remedy under Section 2255 is inadequate or ineffective and resort may be had to Section 2241

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000) (outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") The Third Circuit also holds that Section 2241 is not available for challenging sentences based upon subsequent changes in law which render Courts' sentencing decisions incorrect or invalid. See Okereke v. United States, 307 .F.3d 117, 120 - 121 (3rd Cir. 2002). And the United States District Court for the Middle District of Pennsylvania has issued several decisions to the same effect considering claims respecting career criminal status. See

6

United States v. DiFilippo, 2010 WL 4386472 (M.D.Pa.), a Section 2255 case applying Chambers and Hopkins to Mr. DeFilippo's claim that he was not a career offender by virtue of an escape conviction under 18 Pa. Cons.Stat. Ann. § 5121, the same statute under which Petitioner was convicted of escape. The Court (District Judge Munley) stated that "we agree with the defendant that under Chambers, his conviction for Escape is not a crime of violence, and he is, therefore, not a career offender under the Guidelines. Before granting the defendant a re-sentencing, however, we must determine whether this status would have had any affect on his sentence." Id., at * 3. The Court determined then that, notwithstanding that he was not a career offender, Mr. DeFilippo's sentence would be the same. Id., at * 4; Blum v. Holt, 2010 WL 2926596 (M.D.Pa.), a Section 2241 case in which Magistrate Judge Blewitt determined that the Court lacked jurisdiction to consider petitioner's claim that the sentencing Court incorrectly determined that he was a career offender based on a prior State Court conviction. The Magistrate Judge stated that "[w]e find that Petitioner Blum's recourse is to seek permission from the appeals court to file a second motion under 28 U.S.C. § 2255 with respect to his 1994 sentence." Id., at * 6. District Judge Connor agreed, 2010 WL 2926593, and the Third Circuit affirmed, 2011 WL 359808; Johnson v. Scism, 2010 WL 5566802 (M.D.Pa.), a Section 2241 case in which Petitioner claimed that he was actually innocent of being a career offender. Magistrate Judge Blewitt stated that "[w]e find that § 2255 is an adequate and effective remedy for Petitioner Johnson to raise his instant habeas claims that . . .he should not have been sentenced as a career offender since his two prior Pennsylvania state convictions did not qualify as predicate offenses under § 4B1.1. Simply because Petitioner's August 24, 2010 § 2255 Motion was dismissed by the District Court does not render this motion inadequate or ineffective for Petitioner to raise his present claims." (Citations omitted.) District Judge Jones agreed. Johnson v. Scism, 2011 WL

134931 (M.D.Pa.).

In view of the above authority, the undersigned finds that the remedy under Section 2255 is not inadequate or ineffective with respect to Petitioner's claim that he was incorrectly sentence as a career offender, and Petitioner is not entitled to *habeas* relief under Section 2241. Rather, having filed a Section 2255 Motion and that Motion having been dismissed, Petitioner's recourse is to seek permission to file a second or successive Section 2255 Motion for consideration of his claim from the Third Circuit Court of Appeals. 28 U.S.C. §§ 2255(h)(2). Petitioner's Application Under 28 U.S.C. § 2241 (Document No. 1.) should therefore be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Document No. 1.), **DISMISS** this matter and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection

is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: April 25, 2011.

R. Clarke VanDervort
United States Magistrate Judge