**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

HENRY CLAY BOYNES,

                Petitioner,

v.                                           CIVIL ACTION NO.  5:10-cv-00939

D. BERKEBILE,

                Respondent.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING PROPOSED FINDING AND RECOMMENDATION**

On this day, the above-styled matter came before the Court upon consideration of the

Petitioner's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus, wherein Petitioner asserts that

he has a valid claim of actual innocence based on an intervening change in the law and that his

Section 2241 petition is proper to test the legality of this claim inasmuch as 28 U.S.C. § 2255 is

inadequate and ineffective to afford him the relief he seeks.  (*See* Memorandum in Support of

Motion Pursuant to Title 28 U.S.C. § 2241 ("Section 2241 Mem.") (Document 2)).   Upon

consideration of the parties' submissions, the Court finds that Petitioner's Petition should be denied.

*I.*

On May 28, 2002, Petitioner was convicted after a bench trial of possession with intent to

distribute less than 100 grams of heroin in the United States District Court for the Western District

of Pennsylvania. (*United States v. Boynes*, Crim. No. 2:02-cr-00001 (W. D. Pa.  May 28, 2002)).

On October 24, 2002, he was sentenced to one hundred fifty-one (151) months of imprisonment

followed by a five-year term of supervised release.  Petitioner's sentence was driven, in part, by the

sentencing court's finding that the career offender sentencing enhancement under United States

Sentencing Guideline §4B1.1 applied to him.[1]  (*Id.*)  Petitioner's qualifying predicate "crime of

violence" offenses involved: (1) an escape where Petitioner ran away after having been handcuffed

and (2) resisting arrest following a scuffle for his having been apprehended for a traffic offense.[2]

Petitioner appealed his sentence by contending that the sentencing court (1) "erred by confusing the

two distinct bases for downward departure under [United States Sentencing Guidelines] §4A1.3"

and "failed to consider mitigating facts related to [his] prior offenses."  (*United States v. Boynes*, 65

F.App'x 869, 870 (3d Cir. 2003), *cert denied*, 540 U.S. 1202 (2004)).  In effect, Petitioner argued

that his sentence, based on his career offender status, significantly over-represented the seriousness

of his criminal history, and a downward departure was warranted.  On June 3, 2003, the United

States Court of Appeals for the Third Circuit affirmed Petitioner's sentence.  The Circuit Court

---

[1]   Section 4B1.1(a) of the United States Sentencing Guidelines instructs that:

> A defendant is a career offender if (1) the defendant was at least eighteen years
> old at the time the defendant committed the instant offense of conviction; (2) the
> instant offense of conviction is a felony that is either a crime of violence or a
> controlled substance offense; and (3) the defendant has at least two prior felony
> convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  In his Section 2241 Petition, Petitioner challenges only one of these three requirements, that is, whether he has at least two qualifying felony convictions.

[2]   Pursuant to the Sentencing Guidelines, the term "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that:

> (1) has as an element the use, attempted use, or threatened use of physical force
> against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or
> otherwise involves conduct that presents a serious potential risk of physical
> injury to another.

U.S.S.G. § 4B1.2(a).  The commentary to the relevant Guideline provides , *inter alia*, that a "crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.  U.S.S.G. 4B1.2, comment. (n.1).

considered Petitioner's prior offense of escape and confirmed that it constituted a crime of violence

for the purpose of Section 4B1.3.  (*Id*. at 872) (explaining that "any escape by its nature presents a

serious potential risk of physical injury to another . . . even a 'walk away' escape is a continuing

crime with a potential for violence as the 'escapee must continue to evade police and avoid

capture.'") (quoting *United States v. Luster*, 305 F.3d 199, 201-02 (3d Cir. 2002), *cert. denied*, 538

U.S. 970 (2003)).  Petitioner's writ of certiorari was denied on February 23, 2004.

On February 22, 2005, Petitioner filed, in the sentencing court, a motion to vacate, set aside

or correct sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion").  Petitioner did not

challenge his career offender classification.  Instead, he contended that the district court "violated

[his] due process rights because [the sentencing proceedings] were conducted on the basis of a

'material mistake of law'. . . [in that] the 'court proceeded believing that it may not impose the

sentence which is mandated by 18 U.S.C. § 3553(a)[.]" (*United States v. Boynes*, No.Civ.A. 05-236,

Crim. 02-1, 2006 WL 3056312, at *1 (W.D. Pa. Oct. 25, 2006)).  The sentencing court declined to

consider Petitioner's claim, finding that he was procedurally barred from raising the claim because

he failed to raise it at his sentencing or on direct appeal.  Petitioner did not appeal the denial of the

Section 2255 motion.

*II.*

On July 21, 2010, Petitioner filed the instant Application Under 28 U.S.C. § 2241 for Writ

of Habeas Corpus by a Person in State or Federal Custody ("Section 2241 Petition"), wherein he

asserts that one of the crimes of violence supporting his career offender enhancement--the

Pennsylvania state offense of escape, in violation of Pa. Cons. Stat. § 5121--is no longer a crime of

violence as determined by the Third Circuit in *United States v. Hopkins*, 577 F.3d 507 (3d Cir.

2009), *cert. denied*, 130 S.Ct. 1912 (2010).  Petitioner argues that *Hopkins* overruled *Luster*, which

held that all escapes were crimes of violence.  In *Hopkins,* the Third Circuit considered, on *direct*

*appeal*, the validity of a defendant's identification as a career offender, where one of the predicate

"crime[s] of violence" offenses involved the defendant's conviction of second degree misdemeanor

for escape, in violation of 18 Pa. Cons. Stat. Ann. § 5121, the same statute violated by Petitioner.[3]

Upon consideration of the United States Supreme Court's ruling in *Chambers v. United States*, 555

U.S. 122 (2009), the Third Circuit considered "whether the conduct encompassed by the elements

of the offense, [the crime of escape], in the ordinary case, presents a serious potential risk of

physical injury to another comparable to the offenses specifically enumerated in U.S.S.G. §

---

[3] In pertinent part, Section 5121 of Title 18, Pa. Cons. Stat. Ann. provides:
(a) Escape.–A person commits an offense if he unlawfully removes himself from official detention or fails
to return to official detention following temporary leave granted for a specific purpose or limited period.

  . . .

(d) Grading.--
   (1) An offense under this section is a felony of the third degree where:

        (i) the actor was under arrest for or detained on a charge of felony or following conviction of
        crime;
        (ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the
        escape; or
        (iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates
        or permits an escape from detention facility.

   (2) Otherwise an offense under this section is a misdemeanor of the second degree.

(e) Definition.– As used in this section that phrase "official detention" means arrest, detention in any
facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent,
detention for extradition or deportation, or any other detention for law enforcement purposes; but the phrase
does not include  supervision of probation or parole, or constraint incidental to release on bail.

18 Pa. Cons. Stat. Ann. § 5121.  This statute criminalizes both "escape from custody" and "failure to return to
custody."  *United States v. Ford*, 363 F.App'x 903, 905 (3d Cir. 2010).  The *Hopkins* court focused its analysis on
the former.

4B1.2(a)(2)." (*Id.* at 510) (citation omitted).[4]  The Circuit Court concluded that:

> The typical commission of this crime does, indeed, present some potential risk of physical injury to another because it requires the arresting officer to use some degree of force to overcome the offender's behavior.  Nevertheless, given that the detention relates to an unadjudicated misdemeanor, we would expect that the force which the officer would be willing and/or required to employ would present materially less of a potential for physical injury to the officer than the potential for physical injury presented by the enumerated offenses.

(*Id.* at 514.)  The Third Circuit found that while the ordinary case falling within this crime of conviction is purposeful conduct, it is an offense "unaccompanied by force, threat, deadly weapon or other dangerous instrumentality . . . [which] we would conclude . . . is conduct materially less violent and aggressive than the enumerated offenses [listed in Section 4B1.2(a)(2).]"  (*Id.*)

Petitioner contends that the facts surrounding his state conviction for escape, in violation of Pa. Cons. Stat. § 5121 are substantially similar to those in *Hopkins* and that he is actually innocent of being a career offender.[5]  Petitioner asserts that a Section 2241 Petition is the appropriate avenue

---

[4]  In *Chambers,* the Court considered whether a defendant's prior conviction for failing to report to a penal institution for periodic incarceration qualified as a "violent felony" as that term is used in the Armed Career Criminal Act (ACCA) because it "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another."  The unanimous Supreme Court, upon consideration of the Illinois statute, reaffirmed the use of the categorical approach in applying the ACCA and reversed a Seventh Circuit opinion upholding a district court's finding that the defendant's prior offense of failure to report qualified as a "violent felony" for purposes of the ACCA.  The Court held that the Illinois crime of failure to report did not qualify as a violent felony because the crime amounted to "a form of inaction," that was not indicative of purposeful, violent and aggressive conduct "which is potentially at issue when an offender uses explosives against property, commits arson, burgles a dwelling or residence or engages in certain forms of extortion." *Chambers*, 555 U.S. at 128.  The Court determined that the crime did not pose a serious risk of physical injury.  Although, the *Chambers* court considered the ACCA, rather than the Career Offender Sentencing Guideline, this Court observes that the definition of "violent felony" under the ACCA is "sufficiently similar" to the definition of a "crime of violence" under the guidelines such that the authorities interpreting one can be generally applied to the other.  *Hopkins*, 577 F.3d at 511; *see also* 18 U.S.C. § 924(e)(2)(B).

[5]  Petitioner provides the following explanation of his conviction of escape:

> On May 13, 1999 Allegheny County Police were called to investigate the theft of a stereo at 45 Overland Avenue.  When officers arrived at the scene they were told that Movant was the person who stole the stereo. After receiving this information Movant was arrested for Theft by unlawful taking (18 Pa. Cons. Stat. §3921(a)) a

5

for relief from his sentence because "he is unable to satisfy the gate keeping [sic] provision

established by the [Antiterrorism and Effective Death Penalty Act,] AEDPA to file a second [Section

2255] motion" in that the "intervening decision on which he relies is not a new rule of constitutional

law as would be required for a second [Section] 2255 motion." (Section 2241 Mem. at 2.)

Petitioner requests this Court to "issue an order granting him an immediate release as his guideline

range would have been 30-37 months absent the [career offender] enhancement . . . [and] to cut his

supervised release down to the three years that would have applied absent the career offender

provision." (Section 2241 Mem. at 6.)  Petitioner also requests the Court "[i]f at all possible . . . [to]

terminate the entire term of supervised release." (*Id*.)  Petitioner is serving his sentence at FCI

Beckley in Beaver, West Virginia.[6]

By Standing Order (Document 3 ) entered on July 21, 2010, this action was referred to the

Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of

proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On

April  25,  2011,  the  assigned  Magistrate  Judge  submitted  his  Proposed  Findings  and

Recommendation ("PF&R") (Document12), wherein he found: that Petitioner cannot rely upon the

"savings clause" of Section 2255 which allows for certain claims to be brought under Section 2241

and that this Court is without jurisdiction to consider Petitioner's claim pursuant to Section 2241.

---

> first degree misdemeanor.  After being cuffed behind his back, Movant was told to
> sit on a couch in the living room of the home while the officers looked for his shirt.
> When both officers wandered off, Movant got up and ran out the front door.  He
> was neither chased or seen by the officers.  In fact he was not apprehended until
> weeks later.

(Section 2241 Mem. at 5; *see also* Section 2241 Mem., Attachment 1 (Document 2) at 7-8 (two-count Information charging Petitioner with the misdemeanor offenses of theft by unlawful taking or disposition and escape, in violation of Section 5121(a) and the Criminal Complaint explaining Petitioner's conduct)).

[6]  The Bureau of Prisons' website indicates that his projected release date September 23, 2012.

The Magistrate Judge recommended that this Court deny the petition, dismiss the civil action and remove the matter from the Court's docket. In his consideration of whether Section 2255 is inadequate or ineffective to test the legality of Petitioner's detention pursuant to the standard set forth in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000), Magistrate Judge VanDervort found that the Fourth Circuit has not recognized an entitlement to proceed under Section 2241, by way of the "savings clause" of Section 2255, when an inmate challenges his *sentence*. (PF&R at 6 )(citing *United States v. Poole*, 531 F.3d 263, 267, n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.")). Magistrate VanDervort also examined a similar holding in the Third Circuit and various Pennsylvania district cases asserting arguments similar to those at bar. Magistrate VanDervort concluded that the remedy under Section 2255 is not inadequate or ineffective with respect to Petitioner's claim and that since Petitioner has previously filed a Section 2255 motion, his "recourse is to seek permission to file a second or successive Section 2255 motion for consideration of his claim from the Third Circuit Court of Appeals." (PF&R at 8.)

On May 9, 2011, Petitioner timely submitted his objections to the PF&R, wherein he asserts that "he is entitled to relief and he has no avenue to gain that relief." (Petitioner's Objections to the Magistrate's Proposed Findings and Recommendation ("Objections") (Document 14) at 1.) Petitioner argues that "it would be useless" to resort to the Third Circuit Court of Appeals where he cannot meet the requirements to obtain permission to file a successive Section 2255 motion. He asserts that the case upon which he relies, *Hopkins*, is not one of constitutional law. (Objections at 2). He requests this Court to consider the scope of *Jones* and *In re Dorsainvil*, and to "broaden[]" the line of cases "to encompass the type of situation presented in this case." (*Id.*); *see In re*

7

*Dorsainvil*, 119 F.3d 245 (3d Cir. 1997) (petitioner attempted to collaterally attack his conviction in a Section 2255 motion by arguing that a Supreme Court decision, made after his first Section 2255 petition was denied on the merits, rendered his *conviction* under 18 U.S.C. § 924(c)(1) invalid. The Third Circuit denied a certification finding that the petitioner had failed to satisfy the gatekeeping provisions because his claim was a statutory one not a new rule of constitutional law, but that a petitioner in his "uncommon situation" could resort to the writ of habeas corpus as codified under 28 U.S.C. § 2241.)  Petitioner acknowledges that the claim set forth in *Dorsainvil* concerned an intervening change in the law which made the *conviction* of the defendant invalid, while his challenge is to a sentencing enhancement.  He argues that this distinction "should not act as a bar in this case" where due to the intervening change in the law, he "is being punished in a manner that the law cannot impose." (*Id.* at 4.)  He contends that rejecting his claim would ignore the fact that he is entitled to relief and that the constitution would be offended by a person being punished for a term longer than the law would allow.  (*Id.*)

Thereafter on May 19, 2011, the Court ordered the Respondent to show cause why the writ should not be granted and stayed further consideration of the Magistrate's recommendation pending review of the parties' responses.  (Document 15)

The Government filed its response to the Court's show cause order wherein it agreed with the findings set forth in the PF&R.  The Government asserts that Petitioner's attempt to attack a nine-year old sentence is improper in a Section 2241 where he claims actual innocence of a sentencing enhancement, rather than a conviction.  The Government also argues that the facts underlying Petitioner's Pennsylvania conviction for escape presents conduct that is a serious potential risk of physical injury to another as contemplated by Section 4B1.2(a)(2).  (*See* Response

8

to Order to Show Cause (Document 18-1, 30)).

Petitioner, in response, asserts that the Government failed to address his contention that the

savings clause of Section 2255 should be interpreted to allow claims that challenge the legality of

the sentence as well as claims challenging the conviction. (Movant's Response to the Respondent's

Answer to the Court's Order to Show Cause (Document 23) at 1.)  Petitioner asserts that where "a

prisoner has a claim that his detention is based on the erroneous application or interpretation of

relevant law, but, through no fault of his own, there is no judicial remedy available, the

constitutional concern of whether the limits placed on §2255 by the [AEDPA] constitutes a

suspension of the writ [of habeas corpus] arises." (*Id*. at 2.) Petitioner contends that the bar imposed

in Section 2255(h) would deny him a meaningful opportunity of review, so the savings clause of

Section 2255 must be applied in this instance.  Additionally, on July 27, 2011, Petitioner, in a Letter-

Form Memorandum, requested the Court to consider *United States v. Gallimore*, a case he asserts

involves "the same issues" as his case and was "ruled on" by "the [Fourth] Circuit [Court of

Appeals.]"  (*See* Document 24.)  Petitioner further requests to "add to my motion or brief, the issue

of "Jurisdiction" in response to the Respondent's assertion that this Court does not have jurisdiction

under 28 U.S.C. § 2241.[7]

---

[7] On March 13, 2012, this Court construed this Letter-Form Memorandum as a motion to supplement
Movant's Response to Respondent's Answer to the Court's Order to Show Cause and granted Petitioner's request to
review *United States v. Gallimore*.  (Document 29.)  The Court notes that the case to which Petitioner cites is not a
decision by the Fourth Circuit.  The accurate case citation is *Gallimore v. Stansberry*, No.1:10cv138, 2011 WL
797320 (E.D. Va. Mar. 1, 2011) (district court decision to grant a Section 2241 petition where petitioner argued that
*United States v. Begay*, 553 U.S. 137 (2008) may be applied retroactively; the court found that jurisdiction existed to
adjudicate the petition, pursuant to the savings clause and that the petitioner's prior conviction of escape no longer
qualified under the Armed Career Criminal Act).
     The Court has reviewed the cited authority and finds that the result of the *Gallimore* case is not dispositive
of the matter currently before this Court.  First, the district court opinion is not binding on this Court and is, at best,
persuasive authority. Second, the parties in *Gallimore* raised an argument that Gallimore was imprisoned longer than
the statutory maximum permitted by his offense of conviction, a circumstance that is not present in the instant case.
Finally, while the district court found that it "possess[ed] jurisdiction over th[e] [Section] 2241 petition" the court
did not explain its jurisdiction and seemed to attempt to define its holding within the narrow "pertinent facts of th[at]

9

25

*III.*

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF & R de novo, the Court will consider the fact that Petitioner is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

*IV.*

Petitioner seeks to challenge the validity of the sentence imposed as a result of the career offender enhancement by the Western District of Pennsylvania. The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. Generally, a federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is required to bring a motion to vacate

---

case." For these reasons, the Court finds that *Gallimore* is not instructive to the case at bar.

the sentence pursuant to 28 U.S.C. § 2255(a).[8] *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en

banc).  A Section 2241 petition attacks the manner in which a sentence is executed. 28 U.S.C. §

2241(a).  "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing

court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is

confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008). A challenge to the calculation

of a defendant's sentence or the application of sentencing guideline provisions are proper in the

post-conviction vehicle of a Section 2255 motion.

Here, there seems to be no dispute that in the ordinary manner, the thrust of Petitioner's

challenge should be borne in a Section 2255 motion.  However, there is a limited exception in which

a challenge to the validity of a sentence may be raised in a Section 2241 petition, under the

oft-referenced "savings clause" of Section 2255.  Section 2255(e) of title 28 provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who
> is authorized to apply for relief by motion pursuant to this section,
> shall not be entertained if it appears that the applicant has failed to
> apply for relief, by motion, to the court which sentenced him, or that
> such court has denied him relief, *unless it also appears that the*
> *remedy by motion is inadequate or ineffective to test the legality of*
> *his detention.*

28 U.S.C. § 2255(e) (emphasis supplied).  Relevant to the matter currently before this Court, the

"savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing

---

[8]   Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess
> of the maximum authorized by law, or is otherwise subject to collateral attack,
> may move the court which imposed the sentence to vacate, set aside, or correct
> the sentence.

28 U.S.C. § 2255(a).

a Section 2255 motion[,]" *Vial*, 115 F.3d at 1194 or "merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit Court of Appeals has recognized that the savings clause applies in only very limited circumstances. A petitioner wishing to assert a challenge to the validity of his or her sentence may not bring a Section 2241 petition until he or she has shown that Section 2255 is an inadequate or ineffective remedy. Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme
> Court established the legality of the conviction; (2) subsequent to the
> prisoner's direct appeal and first § 2255 motion, the substantive law
> changed such that the conduct of which the prisoner was convicted
> is deemed not to be criminal; and (3) the prisoner cannot satisfy the
> gatekeeping provisions of § 2255 because the new rule is not one of
> constitutional law.

*Jones*, 226 F.3d at 333-34; *Darden v. Stephens*, No.10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011) (unpublished decision). The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001) (unpublished decision); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241. Magistrate Judge VanDervort properly found that Petitioner's claim does not fall within the ambit of the savings clause as he cannot satisfy each of the elements set forth in *Jones*. Particularly, Petitioner cannot satisfy the second element of the *Jones* test because he cannot show that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *Jones*, 226 F.3d at 333-34. The Fourth Circuit's specific language in *Jones* contemplates an instance

12

in which a prisoner is imprisoned for an offense that is no longer a crime.[9]  The record in the case

at bar does not bear out this circumstance.  Petitioner's challenge is based not on the offense of

which he was convicted, but rather on a Sentencing Guidelines enhancement respecting his

qualification as a career offender.  However, the Fourth Circuit has not broadened the parameters

of the analysis of the savings clause in *Jones* to encompass a challenge to a sentence based on a

sentence guideline enhancement or a claim of "actual innocence" of a sentence guideline

enhancement.

Moreover, Petitioner contends he is "actually innocent of being a career offender" arguing

that he is  innocent of the predicate offense of the Pennsylvania state charge of escape, in that it does

not fall within the definition of a crime of violence as that term is used in Section 4B1.2.  However,

Petitioner has not alleged that he is actually innocent of the charged offense of conviction,

possession with the intent to distribute heroin, or the predicate offense of escape *in fact*.  Instead,

Petitioner's actual innocence claim is premised upon a technicality of the offense.  He does not base

his claim on "factual innocence," but rather on "mere legal insufficiency," which is not cognizable

as a claim of "actual innocence."  *Bousley v. United States*, 523 U.S. 614, 623 (1998); *United States

v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010).  ("[A]ctual innocence applies in the context of

habitual offender provisions only where the challenge to eligibility stems from factual innocense of

the predicate crimes, and not from the legal classification of the predicate crimes."); *see Little v.*

---

[9]  In *Jones*, the petitioner was convicted of using a firearm during and in relation to a drug trafficking
crime, in violation of 18 U.S.C. § 924(c)(1), based on constructive possession of firearms. Subsequent to the
petitioner's unsuccessful Section 2255 motion challenging his sentence, the Supreme Court, in *Bailey v United
States*, 516 U.S. 137 (1995) held that "use" of a firearm under Section 924(c)(1) required the "active employment of
a firearm."  Petitioner was precluded from filing a successive Section 2255 motion because the decision in *Bailey* did
not constitute a new retroactive rule of constitutional law or constitute newly discovered evidence.  The Fourth
Circuit held that, under the circumstance, Section 2255 motion was inadequate to test the legality of the petitioner's
detention and permitted the use of the Section 2241 petition.  Of import is that the petitioner in *Jones* challenged his
offense of conviction.

*Hamidullah*, 177 F.App'x 375 (4th Cir. 2006) (affirming district court's rejection of Little's claim that Section 2255 was inadequate and ineffective to test the legality of his detention based on his claim that he was "actually innocent" of being a career offender) (unpublished decision). Moreover, the sentencing enhancement for career offender status in the context of the sentencing guidelines is not a crime where one can be deemed innocent or guilty.  Therefore, the Court finds Petitioner's claim is misplaced.

The Court finds support in its decision in the various opinions, issued by several Fourth Circuit district courts, that reject a petitioner's attempt to employ Section 2241 to challenge the legality of a sentence where petitioners assert they are actually innocent of the predicate offense supporting an enhancement under the Career Offender sentencing guideline. These opinions have been affirmed, albeit by unpublished opinion, by the Fourth Circuit Court of Appeals.  In a recent unpublished opinion*,* the Fourth Circuit in *Darden v. Stephens*, considered a Section 2241 petition wherein the petitioner asserted that the Supreme Court's holding in *Chambers v. United States* rendered one of his prior convictions, supporting a sentencing guideline enhancement, no longer a crime of violence.  The Fourth Circuit considered that "the language in *Jones* . . . refers only to the conduct of conviction"; cited approvingly to a footnote in *United States v. Poole*, that noted that the Circuit Court had not "extended the reach of the savings clause to those petitioners challenging only their sentence[,]" and stated that the claim asserted in *Darden* had been rejected by the Third Circuit in *United States v. Kenney*, 391 F.App'x 169 (3d Cir. 2010) (unpublished decision).  *Darden*, 2011 WL 1625094, at *1-2 (citing *Poole*, 531 F.3d at 267 n.7)(appellate court reversed district court's ruling that Section 2255 was inadequate and ineffective to permit a challenge to career offender status supported by an overturned state court conviction supporting. Focusing on another aspect of

14

the district court's decision, the Circuit Court found that the district court lacked jurisdiction over the Section 2241 petition because such petition must be brought in the district where the petitioner is confined.); *see Wall v. United States*, No. 2:10-3205, 2011 WL 703676 (D.S.C. Feb. 22, 2011), *aff'd*, 438 F.App'x 224 (4th Cir. July 6, 2011) (petitioner cannot use the savings clause to challenge a predicate offense supporting his sentence enhancement) (unpublished decision); *also White v. Rivera*, No. 3:0803681, 2009 WL 1456712, *4 (D.S.C. May 21, 2009), *aff'd*, 348 F.App'x 868 (4th Cir. Oct. 26, 2009) (same) (unpublished decision); *Lightner v. Zych*, No. 7:11cv00534, 2011 WL 6010060, *1 (W. D. Va.  Nov. 30, 2011), *aff'd*, --- F.App'x — (4th Cir. Apr. 25, 2012) (savings clause has not been extended to include challenges of sentencing calculations made pursuant to the sentencing guidelines) (unpublished decision).

The Court observes that the other Appellate courts considering cases akin to Petitioner's claim have also rejected the use of the savings clause for challenges to a petitioner's sentence.  *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (finding that Section 2255 was not inadequate or ineffective such the savings clause would permit a challenge to prisoner's sentence); *Adderly v. Zickefoose*, No.11-6450, 2011 WL 5513187, *1 (D. N. J. Nov. 9, 2011), *aff'd*, 2012 WL 252416, *1 (3d Cir. Jan. 27, 2012) (unpublished decision); *see also Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) (disallowing claim under the savings clause because a "claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000).

Petitioner asserts that a Section 2241 petition is the appropriate vehicle for the relief he seeks, in part, due to the Supreme Court's ruling in *Davis v. United States*, 417 U.S. 333 (1974).

15

However, the Court finds that *Davis* is not instructive in this matter.  The *Davis* court considered a "relatively narrow" question regarding the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law that made the offense of *conviction* an act that the law no longer deemed criminal.   The court determined that "[t]here can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under [Section] 2255." *Davis*, 417 U.S. at 347.  Unlike the petitioner in *Davis*, Petitioner is not challenging his offense of conviction and there is no dispute that the crime for which he was convicted, possession with intent to distribute less than 100 grams of heroin, remains an act that the law continues to criminalize under 21 U.S.C. § 841.  Therefore, the *Davis* holding is not applicable to the instant petition.

The Fourth Circuit has confined the savings clause to the narrow exception for which *Jones* allows by precluding the use of the savings clause to challenge sentence enhancements.  In light of the persuasive authority of this Circuit and others, the Court finds that Petitioner cannot satisfy the *Jones* standard to demonstrate that Section 2255 is inadequate or ineffective.  Petitioner seems to concede that he cannot satisfy the test set forth by *Jones*, in his invitation to this Court to "broaden" the reach of *Jones* and its Third Circuit counterpart, *Dorsainvil*, by finding that the rationale behind the savings clause is applicable in his case. The Court appreciates Petitioner's assertion.  However, as stated above, this Court is confined by the precedent of this Circuit and the guidepost principles with respect to  the finality of convictions and sentences.  *Gilbert v. United States*, 640 F.3d 1293, 1309-10 (11th Cir. 2011) (discussing the "critically important nature of the finality interests safeguarded" by the post-conviction Section 2255 successive filing bar.)

In his objections, Petitioner asserts that he cannot satisfy the gatekeeping provisions of

Section 2255 because the new rule in *Chambers* and *Hopkins* is not one of constitutional law.  This objection is without merit.  The remedy provided by Section 2255 is not inadequate or ineffective simply because relief has become unavailable due to prohibition of successive petitions, a procedural bar for failing to raise an issue on direct appeal or due to a limitation bar.  *Vial*, 115 F.3d at 1194, n.5. (citations omitted); *see also Gilbert*, 640 F.3d at 1308  ("The existence of the statutory bar on second and successive motions cannot mean that [Section] 2255 is 'inadequate or ineffective to test the legality of Gilbert's detention within the meaning of the savings clause.  If it did, the savings clause would eviscerate the second or successive motions bar, and prisoners could file an endless stream of [Section] 2255 motions, none of which could be dismissed without a determination of the merits of the claims they raise.")  Additionally, the Petitioner's assertion, that the limits placed on Section 2255 by the AEDPA constitute a suspension of the writ of habeas corpus, is foreclosed by *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996) (Supreme Court determined that the AEDPA provision limiting second and successive habeas corpus petitions by persons convicted in state courts (Section 2254) does not constitute a suspension of the writ); *Vial*, 115 F.3d at 1197-98 (extending the *Felker* analysis to Section 2255 motions); *see also Gilbert*, 640 F.3d at 1316-1318 (discussing the Suspension Clause and post-conviction motions).

In light of the foregoing, Petitioner has failed to demonstrate that Section 2255 is inadequate or ineffective.  Therefore, he cannot invoke the use of the savings clause.  His claim is of the nature of those properly asserted in a Section 2255 motion.  This Court cannot consider the instant petition as a Section 2255 motion because Petitioner has not sought the requisite authorization to file a successive Section 2255 petition.  Therefore, after careful consideration of the record and the precedent of this Circuit, the Court finds that the Magistrate's PF&R is proper and is incorporated

herein.  Accordingly, this Petition is dismissed.

*VI.*

For the reasons stated above, the Court **ORDERS** that the Magistrate Judge's Proposed

Findings and Recommendation be **ADOPTED** and that Petitioner's habeas claims be **DISMISSED**

without prejudice.  The Court further **ORDERS** that this case be stricken from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

ENTER:      May 1, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA